UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> CHRYSSOULA ARSENIS *et al.*, <br><br> Defendants. | Civil Action No. 23-2844 (MAS) (RLS) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff JPMorgan Chase Bank, N.A.'s ("Plaintiff") Motion to Remand. (ECF No. 5-2.) Pro se Defendants Chryssoula Arsenis and Speech & Language Center, LLC (collectively, "Defendants") opposed (ECF No. 12), and Plaintiff did not reply. After careful consideration of the parties' submissions, the Court decides Plaintiff's Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, the Court grants Plaintiff's Motion to Remand.

Defendants removed state court action MER-L-35-16 to this Court on May 22, 2023. (*See* Notice of Removal, ECF No. 1.) While Defendants did not attach a copy of the state court complaint to the Notice of Removal (*see generally* Notice of Removal; *see also* Supplemental Documentation, ECF No. 4-1-4-3), the Court is well-aware of the facts of this case because this is the *second time* Defendants have attempted to remove the same case from state court. (*Compare* Notice of Removal, *with JPMorgan Chase Bank, N.A. v. Speech & Language Ctr., LLC*, No. 22-2341 (D.N.J. 2022) (the "Companion Case") Notice of Removal, ECF No. 1.) In the Companion Case, the Court granted Plaintiff's Motion to Remand, finding that "Defendants' removal of this case is untimely." (the "Companion Case Memorandum Opinion"). (Companion

Case Mem. Op. 3, ECF No. 13.) Here, Plaintiff's Motion to Remand is identical to that filed in the Companion Case. (*See* Pl.'s Correspondence, ECF No. 5 (Plaintiff noting that it is "attaching [Plaintiff's] opposition to the first Notice of Removal for the Court's consideration in this matter.").) The Court adopts the facts from the Companion Case Memorandum Opinion. (*See* Companion Case Mem. Op. 1-2.)

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. 28 U.S.C. § 1447(c).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be

resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

The removal statute requires that a notice of removal be filed within 30 days of the defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one.").

For the same reasons articulated in the Companion Case Memorandum Opinion, the Court finds that removal here is also improper. Defendants' removal of this case is untimely. Defendants removed this action well beyond the thirty-day removal limitation, as the Complaint was both filed and served over seven and a half years ago. (*See* Compl. *7, Companion Case ECF No. 1-1.)[1] Without question, the time limit for removal has expired. *See Bissell v. Saga Glob. Cap. Mgmt., LLC*, No. 20-7393, 2020 WL 7210024, at *2 (D.N.J. Aug. 17, 2020) (remanding when defendant filed the notice of removal thirty-one days after receipt of the offer of judgment).

Defendants' opposition to the Motion to Remand does little to sway the Court's finding. (*See generally* Defs.' Opp'n Br., ECF No. 12.) Defendants spend most of the opposition documenting issues in the state court proceeding. (*See, e.g., id.* at *6 ("The Notice of Removal is not deficient; [i]t is [Plaintiff's counsel] who never provided the debt collector's communication disclosure [and] the disclosure statement."); *see also id.* at *7-10 (Defendants discussing the merits

---

[1] Page numbers preceded by an asterisk reflect page numbers atop the ECF header.

of the state court's order granting summary judgment to Plaintiff).) For these reasons, the Court grants Plaintiff's Motion to Remand.

IT IS on this 6th day of September 2023, **ORDERED** that:

1. Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**.

2. This case is **REMANDED** to the Superior Court of New Jersey, Mercer County.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE